NICOLÁS HERNÁNDEZ & CÍA., DEMANDANTE Y APELADA, *v.* STANDARD MILING COMPANY, DEMANDADA Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección Primera, en pleito sobre cobro de dinero.

No. 2446.—Resuelto en junio 21, 1921.

DESESTIMACIÓN DE APELACIÓN—ALEGATO RADICADO FUERA DE TIEMPO—JURISDICCIÓN.—Habiendo en este caso justificado el apelante su dilación en presentar el alegato, el cual había sido radicado antes de la vista de la moción para desestimar la apelación, el Tribunal Supremo haciendo uso de su discreción, negó la desestimación solicitada.

Los hechos están expresados en la opinión.

Abogados de la apelante: *Sres. L. Muñoz Morales y L. Villaronga.*

Abogado de la apelada: *Sr. José G. Torres.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

Se solicita por la parte apelada la desestimación del recurso por no haberse presentado en tiempo el alegato del apelante. De los autos resulta que la transcripción se radicó el 26 de marzo último; que en 4 de abril siguiente se concedieron al apelante treinta días de prórroga para archi-

var el alegato; que la prórroga venció sin que el alegato se archivara y entonces, en junio 13 actual, la apelada presentó su moción pidiendo la desestimación del recurso. Dos días después el alegato fué archivado y el 20 se celebró la vista de la moción con la sola asistencia de la apelante.

Basta exponer los anteriores hechos para concluir que el derecho a pedir la desestimación asistía claramente a la parte apelada. *Rivera* v. *N. British and Merc. Ins. Co.*, 24 D. P. R. 900.

Ahora bien ¿se trata de un derecho adquirido que este tribunal esté en la obligación de reconocer, cualesquiera que sean las circunstancias que concurran? A nuestro juicio la pregunta debe contestarse en la negativa. Una vez que la apelación se ha establecido en tiempo y forma, esta corte adquiere jurisdicción sobre el asunto y en el ejercicio de su discreción puede resolver todas las otras cuestiones que vayan ocurriendo en la tramitación del recurso. Así la falta de la presentación del alegato en tiempo puede dar y da por resultado generalmente, cuando el apelado ejercita en debida forma su derecho, la desestimación del recurso. Pero dicha falta no constituye una cuestión jurisdiccional, sino que la corte tiene discreción y, si las circunstancias lo justifican, puede dispensarla. Véase el caso de *González* v. *Acha et al.*, 19 D. P. R. 1208.

¿Qué ocurrió en el presente caso? Conocemos los hechos, pero el apelante presentó un *affidavit* del abogado Villaronga que dice, en resumen, que el abogado del apelante lo era el Sr. Muñoz Morales quien estuvo lleno de ocupaciones urgentes e importantes en los días en que se vencía el término para la presentación del alegato por cuyo motivo encomendó al Sr. Villaronga que pidiera una prórroga; que Villaronga se retiró enfermo de la oficina y olvidó completamente cumplir con el encargo; que transcurrieron sólo dos días entre la presentación de la moción de desestimación y el archivo del alegato y que cuando la vista de la moción se celebró

ya el alegato estaba archivado. La parte apelada fué notificada con copia del *affidavit* y nada ha objetado. Tampoco compareció a la vista de la moción.

A nuestro juicio los hechos expuestos justifican el ejercicio de nuestra facultad discrecional en pro del apelante. La tendencia de las cortes es a resolver los casos por sus méritos porque es así que hay mayores garantías de hacer justicia. Solo cuando se observa un verdadero abandono, deben desestimarse sin oirse las apelaciones, porque una gran parte de la justicia consiste en administrarla prontamente y no deben permitirse dilaciones injustificadas.

Por los motivos expuestos opinamos que debe declararse sin lugar la desestimación del recurso, continuándose la tramitación del mismo de acuerdo con la ley y las reglas de esta corte.

*Denegada la moción de desestimación.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.